**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | : | |
|---|---|---|
| HERMAN WILLIAMS, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden DANFORTH, | : | |
| Deputy Warden ORR, | : | |
| Deputy Warden PHILBIN, | : | |
| Lt. TERRELL, Sgt. JONES, | : | |
| Sgt. SMITH, DEONDRE WILLAIMSON,and | : | |
| Officer FAULK, | : | NO.  7:10-CV-141 (HL) |
| | : | |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **HERMANN WILLIAMS, III**, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  The Court granted Plaintiff's motion to proceed *in forma pauperis*.  (R. at 4).  Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation.  The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Baldwin State Prison.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also* **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that on July 15, 2010 he was sexually assaulted/raped by inmate Deondre Williamson. Plaintiff states he sought protective custody on July 16, 2010 and was "denied by prison administration and officials." Plaintiff states he tried to commit suicide on both July 23, 2010 and July 27, 2010. Following the suicide attempts, he states that he spoke with mental health counselor Cooper, Dr. Harris, and Counselor Taylor (not named as Defendants) about the rape and "wrote a statement describing the incident." Plaintiff states the "prison administration and security department [were] notified which includes Warden Danforth, Deputy Wardens Orr and Philbin, along with the "PREA investigator Sgt. Smith."

Plaintiff states that at some point between August 30, 2010 and September 3, 2010, inmate Williamson was placed back into the general population along with Plaintiff. Plaintiff indicates that Lt. Terrell, Sgt. Jones, Warden Danforth, Deputy Wardens Orr and Philbin, as well as Sgt. Smith were responsible for releasing inmate Williamson back into the general population. Plaintiff states

that his and Mr. Williamson's path crossed many times when they were both in the general population and Williamson "made fun of what he did to [Plaintiff], made derogatory comments and suggestions and even physically assaulted [Plaintiff] until [Plaintiff] hid [himself] in the dormitory for weeks."

Thereafter on September 16, 2010, Plaintiff states that Lt. Terrell and Officer Faulk placed him in cell J-1 #37. Plaintiff states that inmate Williamson was in this cell and Plaintiff immediately notified Officer Faulk that Mr. Williamson previously sexually assaulted him. Plaintiff alleges that he was again sexually assaulted/raped by inmate Williamson. Plaintiff alleges that it was not until September 17, 2010 that he was moved out of the cell with inmate Williamson.

Plaintiff alleges that "[f]orcing him into the same cell with inmate Williamson after [he] had already reported his sexual assaul[t] was a breach of security and a violation of [his] 8th and 14 Amendment Rights by the Defendants: Warden Danforth, Deputy Warden[s] Orr . . . [and] Philbin, . . . Lt. Terrell[,] . . . Sgt. Jones, . . . Sgt. Smith[,] and Of[ficer] Faulk."

### A. Inmate Deondre Williamson

Plaintiff has named inmate Deondre Williamson as a Defendant and asks the Court to make sure inmate Williamson is punished for his actions. Inmate Williamson is not subject to liability under 42 U.S.C. § 1983 because he is not a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). Additionally, the Court has no authority to institute any type of criminal proceedings against Mr. Williamson. Federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations

or prosecutions. ***Otero v. U. S. Attorney Gen.***, 832 F.2d 141, 141 (11th Cir. 1987).

It is therefore **RECOMMENDED** that Defendant Deondre Williamson be **DISMISSED** from this action along with Plaintiff's request that the Court have Mr. Williamson punished or prosecuted.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy of this order.

### *B. Equitable Relief*

Plaintiff seeks various forms of equitable relief. Specifically, Plaintiff requests that the Court "terminat[e] all of the defendants." The Court has no power to terminate any of the Defendants' employment.

Plaintiff also requests to receive a physical examination and medical treatment as well as mental health treatment. However, since filing this action, Plaintiff has been transferred from Valdosta State Prison. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985). If Plaintiff needs, and is not receiving, medical or mental health treatment, he may choose to file a separate 42 U.S.C. § 1983 action seeking such treatment and naming the appropriate prison officials/employees at Baldwin State Prison.

Plaintiff also requests the Court to order officials at Valdosta State Prison to transfer him to

a "medium security prison out of harm's way." The Court cannot grant this relief because a prisoner has no constitutuional right to be transferred to, or to remain in, any particular prison. ***Meachum v. Fano***, 427 U.S. 215 (1976). However, the Court notes that this request is actually moot because Plaintiff has already been transferred.

It is therefore **RECOMMENDED** that Plaintiff's various requests for equitable relief be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy of this order.

### C. Remaining Defendants and request for damages

The Court cannot find, at this stage in the litigation, the Plaintiff's claim that the various Defendants failed to protect him in violation of the Eighth and Fourteenth Amendments is frivolous. Therefore, this claim, as well as Plaintiff's request for damages, shall go forward against Defendants **DANFORTH, ORR, PHILBIN, TERRELL, JONES, SMITH, AND FAULK**.

It is hereby **ORDERED** that service be made against these Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

.                                            ### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once

an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these

limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter

released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the Defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 25th day of January, 2011.

                                                  s/THOMAS Q. LANGSTAFF
                                                  UNITED STATES MAGISTRATE JUDGE

lnb