IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HERMAN WILLIAMS, III, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 10-CV-141 (HL) |
| WARDEN DANSFORTH, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendants Danforth, Orr, Philbin, Terrell, Jones, and Smith[1]'s Motion to Dismiss, and Plaintiff's Motion Requesting an Entry of Default. (Docs. 17, 21).

## Background

Plaintiff filed this action alleging that Defendants, employees of Valdosta State Prison ("VSP") at the time of the alleged offense, acted with deliberate indifference to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. (Doc. 5). Plaintiff alleges that on July 15, 2010, Plaintiff was sexually assaulted and raped by inmate Deondre Williamson. Plaintiff states that he sought protective custody the next day, but was denied. On July 23, 2010, after allegedly attempting to commit suicide, Plaintiff states he informed a mental health counselor and doctor about the assault and rape, and was told they would inform the prison administrators. According to Plaintiff, he spoke with Defendant Smith, a Prison Rape Elimination Act officer, about the rape and provided a statement.

Plaintiff explains that sometime between August 30, 2010 and September 3, 2010, inmate

---

[1] Defendant Officer Faulk has not been served at this time, and thus, is not included in the Motion to Dismiss. "Defendants" referenced in this Recommendation will refer to Defendants Danforth, Orr, Philbin, Terrell, Jones, and Smith, unless otherwise stated.

Williamson was placed back in general population with Plaintiff. Plaintiff indicates that Defendants Terrell, Jones, Danforth, Orr, Philbin, and Smith were responsible for releasing inmate Williamson back into general population. Apparently, inmate Williamson and Plaintiff crossed paths many times in general population, and inmate Williamson made fun of what he did to Plaintiff, made derogatory comments, and physically assaulted Plaintiff.

Plaintiff alleges that on September 16, 2010, Plaintiff was placed back in a cell with inmate Williamson. Plaintiff states that before being placed in the cell, he told Defendant Faulk that inmate Williamson had previously sexually assaulted and raped Plaintiff. After he was placed in the cell with inmate Williamson, Plaintiff alleges that he was again sexually assaulted and raped. On September 17, 2010, Plaintiff states that he was moved out of the cell.

Plaintiff alleges that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff when they placed him in a cell with inmate Williamson after Plaintiff had informed Defendants that inmate Williamson had sexually assaulted and raped Plaintiff.

***Motion to Dismiss (Doc. 17)***

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must

exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's Response reveals a conflict. In Plaintiff's Response, Plaintiff maintains that he filed informal grievances, but formal grievances were never given to him. (Doc. 31). Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit. (Doc. 17-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Defendants contend, and support with an affidavit from the Administrative Assistant at VSP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint. (Doc. 17-2, Knowles Affidavit). The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed several grievances during his confinement at VSP. (*Id.*). Defendants provided the Court with copies of Plaintiff's grievances that relate to the

alleged claims. (Doc. 17).

On November 19, 2010, Plaintiff filed grievance number 72167 complaining that on September 16, 2010, Plaintiff was forced into a cell with inmate Williamson, and while in the cell was sexually assaulted/raped. Plaintiff states that he previously notified the prison of a prior incident with inmate Williamson on July 15, 2010. (Docs. 17-2, Knowles Affidavit; 17-8). The informal grievance was not resolved and Plaintiff filed a formal grievance on November 30, 2010. (*Id.*; Doc. 17-11). Plaintiff filed the pending action on December 3, 2010, only three (3) days after he filed his formal grievance. Plaintiff was transferred to a different prison and it appears the Warden's response was hand delivered to Plaintiff in February of 2011. (Doc. 17-2, Knowles Affidavit, ¶ 23). Plaintiff did not appeal after the thirty days had passed without a response, nor did he appeal the Warden's response when he received it. (Docs. 17-2, Knowles Affidavit; 17-11).[2]

Plaintiff filed his second informal grievance (number 70702) on November 22, 2010, alleging that he had been raped in September 2010 by inmate Williamson, and had not been seen by medical. (Docs. 17-2, Knowles Affidavit; 17-9). The informal grievance was resolved December 10, 2010. (*Id.*). Again, Plaintiff filed this lawsuit on December 3, 2010, about a week before this informal grievance was resolved.[3]

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford*, 548

---

[2] Plaintiff alleges in his Response that he filed a grievance relating to the July 15, 2010 incident. (Doc. 31). Plaintiff filed an Informal Grievance Receipt with the Court in an attempt to show he exhausted his administrative remedies. (Doc. 30-1). The receipt shows that the grievance was submitted on November 15, 2010. However, there is no evidence that this grievance was exhausted. Furthermore, it is likely this grievance receipt is from grievance number 72167 which was filed November 19, 2010.

[3] As Plaintiff filed this lawsuit before the second informal grievance was resolved, the undersigned has not analyzed the grievance to determine if it sufficiently grieves the allegations contained in the Complaint.

U.S. at 88. "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006). To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Plaintiff was administratively required to wait until a decision had been made regarding both his grievances before filing this lawsuit. *Sewell v. Ram*sey, 2007 WL 201269 (S.D. Ga., Jan. 27, 2007) (holding that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies"). The warden has thirty (30) days to respond to a formal grievance. (Doc. 17-2, Knowles Affidavit). If the prisoner does not receive a response, the prisoner is still required to file an appeal with the Commissioner's Office, in which the Commissioner has ninety (90) calendar days to respond. Georgia Dep't of Corrections SOP IIB05-001 § VI.

Plaintiff filed this lawsuit while he was still in the process of exhausting both his grievances. After filing his formal grievance, Plaintiff was required to wait thirty (30) days to receive a response from the warden, and if the warden did not respond, Plaintiff was required to file an appeal with the Commissioner's Office and wait ninety (90) days for a response. Plaintiff only waited three (3) days after <u>filing</u> his first formal grievance to initiate this lawsuit. As Plaintiff did not exhaust all stages of the administrative process and did not receive a response from the warden before filing this lawsuit, Plaintiff failed to exhaust the administrative remedies regarding grievance 72167.

Plaintiff also failed to wait for a response from the prison officials regarding informal

grievance 70702.  Plaintiff did not receive a response to this informal grievance until seven (7) days after he filed this action.  As such, Plaintiff failed to exhaust grievance 70702 prior to filing this suit.

Accordingly, the Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the alleged offenses of the Defendants.  Thus, it is the recommendation of the undersigned that Defendants Danforth, Orr, Philbin, Terrell, Jones, and Smith's Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Entry of Default (Doc. 21)*

On April 13, 2011, Plaintiff filed this Motion for Entry of Default requesting the Court enter default against Defendant Faulk for failing to plead or otherwise defend the above-styled action.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  The entry of default is not appropriate in this case.  A waiver of service form was mailed to Defendant Faulk; however, it appears Defendant Faulk did not return the waiver.  (*See* Doc. 15).  The Clerk of Court issued a summons on April 1, 2011.  (Doc. 18).  A U.S. Marshal attempted to serve Defendant Faulk, but could not locate him as he no longer works for the State of Georgia.  (Doc. 28).

As Defendant Faulk has not been served in this lawsuit, he has no obligation to file a response to this action.  Therefore, Defendant Faulk has not failed to plead or defend this action, and it is the recommendation of the undersigned that Plaintiff's Motion for Entry of Default be

**DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 14th day of November, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf